# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMAJA FUNDERBURK,

    Plaintiff,

v.

BRIAN E. WILLIAMS, et al.,

    Defendants.

Case No. 2:08-CV-01691-KJD-LRL

**ORDER**

    Currently before the Court is Defendants' Motion to Dismiss (#38). Plaintiff filed a Response in opposition (#40), to which Defendants filed a Reply (#41). For the reasons stated herein, the Court hereby grants Defendants' Motion in part.

**I. Background**

    This action arises from a Complaint brought by Plaintiff Samaja Funderburk, an inmate at Southern Desert Correctional Center ("SDCC"), alleging violations of 42 U.S.C. § 1983. Specifically, Plaintiff alleges that the Defendants violated his rights under the Eighth Amendment subjecting him to cruel and unusual punishment when the entire prison unit in which he was housed at SDCC flooded on or about November 7, 2008, exposing him to raw sewage (Count I). Specifically, Plaintiff alleges that at about 4:30 p.m. on November 7, 2008, "the drains backed-up and flooded [his] unit." (Compl. at 4.) According to the Complaint, the flood caused two inches of

water and sewage to enter his cell, and was "finally cleaned up at 1:30 a.m." the next morning. Plaintiff avers that all 40 cells of the unit were affected during the flood, and that during said flood, the guards came with "plastic on their boots with respirators" and delivered food. Plaintiff also alleges that after the flood, he was not allowed to shower for two and a half days. (Id. at 3.)

Plaintiff's Complaint additionally alleges that during said flood, Warden Brian E. Williams ("Williams") failed to properly supervise the unit, and inappropriately gave a lockdown order which lasted until Monday afternoon—two and a half days after the flood. Additionally, the Amended Complaint alleges that Defendant, Assistant Warden of Operations, Jerry Howell ("Howell") was "within the chain of command" responsible for "having me endure (9) hours of human waste in my cell", and that Senior Corrections Officer David Willis ("Willis") "failed to properly advise the plumber" of the flood situation. (#25-1 at 2.) Additionally, Plaintiff alleges that he was not provided with adequate medical care during the flood.

Defendants bring the instant Motion, seeking that the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants aver, inter alia that Plaintiff cannot demonstrate they personally participated in any alleged constitutional deprivation, and that Plaintiff's claims are precluded by qualified immunity.

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint

must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Discussion**

    **A. Direct Participation and Respondeat Superior**

    *1. Warden Williams*

Liability under 42 U.S.C. § 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation. Taylor v. List, 880 F. 2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Id. Additionally, it is well established that there is no *respondent superior* liability under § 1983. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984). Absent an official's participation or direction in the violation of a plaintiff's constitutional rights, he cannot be held personally liable in an individual-capacity suit under section 1983. Ybarra, 723 F.2d at 680. Thus, "to succeed on a cause of action under section 1983, the plaintiff must prove the defendant[s]

1  [were] the cause in fact and the proximate cause of plaintiff's injuries." Kraft v. Jackson, 669 F.
2  Supp. 333, 339 (D.Nev. 1987), aff'd, 872 F.2d 862 (9th Cir. 1989).

3        Plaintiff's Complaint alleges that SDCC Warden, Defendant Williams"[f]ailed to properly
4  supervise his subordinates and gave the order to have me locked down and fed while my cell was
5  flooded with human waste." (CD #25-2, p.2).  Said allegation may possibly support a finding of
6  liability on the part of Warden Williams, under § 1983, because Williams was acting in a supervisory
7  position when he allegedly gave the lockdown order.  Thus, the Court finds that, viewed in the light
8  most favorable to the non-moving party, the Plaintiff has alleged sufficient facts to overcome
9  dismissal of his Section 1983 claim against Warden Williams for ordering a lockdown during the
10 alleged sewage flood incident at this time.[1]

11       Plaintiff's Amended Complaint however, is devoid of any specific allegations that Defendant
12 Williams personally participated in Plaintiff's medical care at the time of the incident.  In fact,
13 Plaintiff's medical related claim (Claim 2) admits that the pill nurse did come to the unit during the
14 flood and that he was able to talk to the pill nurse. (CD #25-2, p.5).  Thus, Plaintiff cannot
15 demonstrate that Defendant Williams was the cause or proximate cause of Plaintiff's medical related
16 claim and therefore, Defendant Williams should be dismissed from Plaintiff's second claim for
17 relief.

18       *2. Defendant Howell*

19       The Court finds Plaintiff's allegations are insufficient to establish Section 1983 liability
20 against Defendant Howell—the Associate Warden of Operations at SDCC.  The Amended
21 Complaint contains no specific allegations against Defendant Howell.  Plaintiff's Amended
22 Complaint, only states that Defendant Howell is "within the chain-of-command that's responsible for

---

[1] Defendants' Motion fails to address the issue of sewage contamination, or the constitutionality of Warden Williams lockdown order for Plaintiff's entire unit during the alleged flood. Rather, Defendants argue that Warden Williams' alleged behavior cannot support a finding of liability on the part of a supervisory defendant. (See #38 at 5.) The Court does not agree. Warden Williams was acting in a supervisory role when he gave the lockdown order, and the order that the inmates be fed during said flood. The issue of whether said behavior is commensurate with a constitutional deprivation has not been addressed.

4

having me endure (9) hours of human waste in my cell and being fed in such." (CD #25-2, p.2).  This allegation cannot support a finding of liability on the part of a supervisory defendant, such as Defendant Howell, under § 1983.  Additionally, the Amended Complaint fails to allege that Defendant Howell personally participated in Plaintiff's medical care (or the lack thereof).

As addressed above, although the Amended Complaint asserts that Plaintiff was not provided with adequate medical care during the alleged incident, Plaintiff states that the pill nurse did come to the unit, and that he was able to talk to said pill nurse.  (CD #25-2, p.5).  Accordingly, the Court finds that Plaintiff cannot show that Defendant Howell was the cause of any of Plaintiff's alleged injuries, and therefore Plaintiff cannot demonstrate Section 1983 liability against Defendant Howell.

**B. Qualified Immunity**

Additionally, the Court finds that Defendants Howell and Willis are entitled to qualified immunity, as Plaintiff's claims are brought against them in their individual capacities.  (See #25-2.)  Government officials receive qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To determine whether qualified immunity attaches, the Court first determines whether, taken in the light most favorable to the plaintiff, the conduct of an officer violated plaintiffs' Constitutional rights.  Saucier v. Katz, 533 U.S. 194, 201 (2001); see also Pearson v. Callahan, 555 U.S. 223 (2009) (noting that the exact sequence of analysis proscribed by Katz v. Saucier is often beneficial, though not required).  If the plaintiff cannot show a Constitutional violation, then there is no reason for further discussion.  Katz v. Saucier, 533 U.S. at 201.  However, if a plaintiff demonstrates a violation, the Court then determines whether the right was clearly established.

Here, Plaintiff sets forth no allegations that can sufficiently establish that Defendants Howell or Willis violated his Eighth Amendment right as it pertains to their conduct during the alleged flood of the SDCC unit.

1   Even assuming Plaintiff had established a constitutional right, the allegations of the Amended
2   Complaint are insufficient to show that Defendants Howell or Willis acted in violation of any clearly
3   established statutory or constitutional rights.  Specifically, Plaintiff alleges that Defendant Willis
4   "stated that he was going to notify the plumber," and that Willis later stated "the plumber would
5   come in the morning."  This conduct is exactly the type of conduct that is protected by qualified
6   immunity.  That the unit was locked down during the alleged circumstances is not unreasonable.
7   That Defendant Willis notified the plumber, and advised Plaintiff that the plumber was coming in the
8   morning is also not unreasonable.   Additionally, as stated above, Plaintiff's medical request was
9   responded to.  That Plaintiff was not satisfied with the response, again, does not amount to a
10  constitutional violation.  Therefore, the Court finds that the Defendants are entitled to qualified
11  immunity.
12   It remains however, whether Plaintiff's allegations brought against Warden Williams are
13  sufficient to overcome qualified immunity.  Specifically, Plaintiff alleges that his cell, and 40 other
14  cell units were flooded with as much as two inches of human waste material, and as such, that the
15  entire unit had to be locked down for the situation to addressed.  The Defendants fail to address the
16  issue of sewage exposure or the necessity of a lockdown order in said circumstances.   This Court is
17  aware of other instances wherein prison officials have been held in violation of the Eighth
18  Amendment's prohibition against cruel and unusual punishment arising from an inmate's exposure to
19  raw sewage, as such exposure may present a substantial risk of serious harm.  See Shannon v.
20  Graves, 257 F.3d 1164 (10th Cir. 2001)("Inmate exposure to sewage can constitute a serious risk to
21  inmate health and safety and satisfy the objective component"); McBride v. Deer, 240 F.3d 1287,
22  1292 (10th Cir. 2001)("human waste has been considered particularly offensive so that courts have
23  been especially cautious about condoning conditions that include an inmate's proximity to
24  [it])(internal quotations omitted); Ramos v. Lamm, 639 F.2d 559, 569–70 (10th Cir. 1980);  Fruit v.
25  Norris, 905 F.2d 1147, 1151 (8th Cir.1990); Gaston v. Coughlin, 249 F.3d 156 (C.A. N.Y. 2001).
26  Accordingly, the Court finds that Defendants Howell and Willis are protected by qualified immunity

and should be dismissed from this action.  The issue of whether Defendant Williams' actions establish a constitutional violation however, has not been addressed.

### VI. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants Motion to Dismiss (#38), is **GRANTED** in part as to Defendants Howell and Willis, and **DENIED** in part, as to Defendant Williams.

DATED this 4th day of March, 2011.

_____
Kent J. Dawson
United States District Judge