# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMAJA FUNDERBURK,

    Plaintiff,

v.

BRIAN E. WILLIAMS, *et al*.,

    Defendants.

Case No. 2:08-CV-001691-KJD-LRL

**ORDER**

    Before the Court is Defendant Brian Williams' Motion for Summary Judgment (#49). Plaintiff has filed an opposition (#51) and Defendant has replied (#54).

I. Background

    In November, 2008, Plaintiff was an inmate in the custody of the Nevada Department of Corrections at the Southern Desert Correctional Center ("SDCC"). Due to a plumbing issue, wastewater backed up in the unit where Plaintiff was housed. Plaintiff claims that during the flood, Defendant Williams, who is the warden of SDCC, "[f]ailed to properly supervise his subordinates and gave the order to have me locked down and fed while my cell was flooded with human waste." (#25-2, p.2.)

II. Analysis

    A. Legal Standard for Summary Judgment

    Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the

initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

B. Eighth Amendment Violation

A prison official violates the Eighth Amendment when: (1) the condition of confinement objectively poses a substantial risk of serious harm (extreme deprivation); and (2) the prison official knows of the substantial risk and ignores it (deliberate indifference or criminal recklessness). Farmer v. Brennan, 511 U.S. 825, 834-37 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992). Both of these factors must be present to establish a violation of the Eighth Amendment.

2

Liability for Eighth Amendment violations under 28 U.S.C. § 1983 cannot be predicated on the theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

Plaintiff claims that Defendant participated in the violation by giving the orders locking down the unit and causing Plaintiff to be fed while his cell was flooded. Defendant does not dispute that the cells were flooded with sewage or that Plaintiff was served meals while in the flooded cell. Instead, Defendant contends that he did not participate in the alleged violation.

### 1.  Lock Down Order

Much of the parties' pleadings focuses on a dispute about whether the unit was on lockdown during the flooding. Plaintiff offers the affidavit of fellow inmate Kenneth Ferguson. Mr. Furguson states that he was told by a corrections officer that the unit was on lockdown. Defendant offers shift report documents that discuss the flood, but do not indicate that the unit was on lockdown. However, the issue in this case is not whether the unit was locked down, but whether Defendant participated in the alleged violation by ordering the unit to be locked down. Defendant has submitted a sworn affidavit stating that he did not issue a lockdown order in Plaintiff's unit on November 7-8, 2008. Even if there is a dispute about whether the unit was locked down, Plaintiff has not provided any evidence showing that a genuine issue of fact exists about whether Defendant issued a lockdown order. Accordingly, summary judgment is granted in favor of Defendant on the issue of whether Defendant ordered the unit to be locked down.

### 2.  Order to Feed Plaintiff in His Cell During the Flood

In addition to the allegation that Defendant ordered the lockdown, Plaintiff also alleges that Defendant gave the order to feed the inmates in the unit while their cells were flooded. The shift reports indicate that Defendant was contacted about the flooding and Plaintiff has provided affidavits showing that inmates in his unit were fed their meals while their unit was flooded with sewage. Defendant has failed to address this allegation and fails to submit evidence showing that he did not

order that Plaintiff be fed while standing in his sewage-flooded cell.  Defendant bears the initial burden of showing the absence of a genuine issue of material fact on this issue.  See Celotex, 477 U.S. at 323.  Defendant has not met this burden and there is a dispute of fact about whether Defendant ordered that Plaintiff be fed while in his flooded cell.  Accordingly, Summary judgment on this issue is denied.

III.  Conclusion

**IT IS HEREBY ORDERED** that Defendant Brian Williams' Motion for Summary Judgment (#49) is **GRANTED** in part and **DENIED** in part.

DATED this 16th day of November 2011.

_____
Kent J. Dawson
United States District Judge