# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMAJA FUNDERBURK,

    Plaintiff,

v.

BRIAN E. WILLIAMS, *et al*.,

    Defendants.

Case No. 2:08-CV-01691-KJD-VCF

**ORDER**

    Before the Court is Plaintiff Samaja Funderburk's Motion for Judgment on the Pleadings (#59). Defendant Brian Williams filed an opposition (#64) and Plaintiff filed a reply (#65).

    Also before the Court is Defendant's Motion to Extend Time (#60).

I. Background

    Plaintiff filed this action in April, 2009. The underlying facts are set forth in previous orders issued by the Court. Following the Court's Order (#58) granting in part and denying in part Defendant William's Motion for Summary Judgment, the only remaining claim is for an alleged violation of the Eighth Amendment by Defendant Williams. Plaintiff claims that his Eighth Amendment rights were violated when Defendant ordered that Plaintiff be fed while Plaintiff was standing in a cell flooded with sewage. Plaintiff has now moved for judgment on the pleadings on this claim.

II.  Discussion

    A.  Judgment on the Pleadings

    "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Judgment on the pleadings is proper when there are

no issues of material fact, and the moving party is entitled to judgment as a matter of law." <u>Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church</u>, 887 F.2d 228, 230 (9th Cir.1989).

In the Motion for Summary Judgment, Defendant moved for summary adjudication on the Eighth Amendment claim. Defendant provided no evidence to show that he had not issued the order to feed Plaintiff in his sewage-flooded cell. In order to prevail at the summary judgment phase, the moving party carries a burden to show the absence of a disputed fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The Court's Order determined that Defendant failed to show that this fact was undisputed *in Defendant's favor.* Accordingly, Defendant was not entitled to summary judgment on that claim. As noted by the Court, when the movant fails to carry the burden of showing the absence of a disputed fact, the motion is denied and the fact remains disputed. Plaintiff claims that Defendant's failure to carry its burden means the fact is established in Plaintiff's favor. It does not. There remains a dispute of fact about whether Defendant issued the order to feed Plaintiff in his sewage-flooded cell. Accordingly, the Court cannot grant Plaintiff's Motion for Judgment on the Pleadings.

B.  <u>Summary Judgment</u>

Since the Court has denied the Motion for Judgment on the Pleadings, Plaintiff requests that the Court convert his Motion to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d). Plaintiff contends that his Eighth Amendment claim is undisputed and cites his opposition to Defendant's Motion for Summary Judgment (#51) and the affidavits attached thereto in support. Accordingly, the Motion is converted to a Motion for Summary Judgment. Rule 12(d) requires the Court to provide Defendant with a "reasonable opportunity to provide all the material that is pertinent to the motion." Defendant is ordered to file an opposition or countermotion to Plaintiff's Motion within 21 days of this Order, pursuant to Local Rule 7-2(e).

### B. Answer

Plaintiff correctly points out that Defendant has not denied issuing the order that Plaintiff be fed while in his sewage-flooded cell. The Court notes that Defendant has not filed an answer in this case. On March 4, 2011, the Court issued an Order (#48) denying the Motion to Dismiss as to Defendant. Fed. R. Civ. P. 12(a)(4)(a) requires a party to file an answer to the Complaint within 14 days of a denial of a motion to dismiss. Defendant should have filed an answer to the Complaint within 14 days of the denial of the Motion to Dismiss. Accordingly, Defendant is ordered to file an answer to the remaining allegations of the Complaint within 14 days from entry of this Order.

### C. Enlargement of Time

No opposition was filed to Defendant's Motion to Extend Time to file a response to the Motion for Judgment on the Pleadings. Failure to file an opposition to a motion constitutes consent to the granting of the motion. See Local Rule 7-2. Defendant has now filed the response. Accordingly, the Motion is granted *nunc pro tunc*.

### III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff Samaja Funderburk's Motion for Judgment on the Pleadings (#59) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time (#60) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that Defendant file an answer to the remaining allegations of the Complaint within 14 days from entry of this Order.

DATED this 20th day of April 2012.

_____
Kent J. Dawson
United States District Judge