UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SAMAJA FUNDERBURK, | 2:08-cv-01691-KJD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| BRIAN E. WILLIAMS, *et al.,* | |
| Defendants. | |

Before the court is *pro se* plaintiff Samaja Funderburk's Motion for Stay and Abeyance of Proceedings Until Discovery Order Has Been Ordered and Concluded and Extension of Time to File Opposition to Motion for Summary Judgment. (#76). Defendant Brian E. Williams filed an Opposition (#77), and plaintiff did not file a Reply.

**Background**

Plaintiff filed his motion/application to proceed *in forma pauperis* on December 3, 2008 (#1), which the court granted on December 11, 2008 (#2). The plaintiff's civil rights complaint was filed on April 29, 2009. (#11). On June 29, 2009, defendants filed a motion to extend time to respond to plaintiff's complaint. (#13). The defendants filed several motions to dismiss the complaint based on failure to exhaust administrative remedies, pursuant to the Eleventh Amendment, and for failure to state a claim upon which relief can be granted. (#18, #22, and #38). After defendants withdrew their motion to dismiss for failure to exhaust administrative remedies (#24), the court denied defendants' motion to dismiss pursuant to the Eleventh Amendment (#37) and granted in part and denied in part defendants' motion to dismiss for failure to state a claim (#48).

On December 12, 2011, plaintiff filed a motion for judgment on the pleadings. (#59). Remaining defendant Williams filed an opposition (#64), and plaintiff filed a reply (#65). The court denied the motion on April 20, 2012. (#66). Defendant Williams filed an answer to the complaint on May 4, 2012. (#67). On May 10, 2012, defendant Williams filed a counter-motion for summary judgment. (#73). On June 25, 2012, plaintiff filed the instant motion. (#76). Plaintiff's opposition to the motion for summary judgment was due on June 26, 2012. (#74)[1]. No opposition has been filed.

**Motion for Discovery, Stay, and Extension of Time**

Pursuant to Local Rule 16-1(b), no discovery plan is required in civil rights actions filed on behalf of inmates, and the court shall enter a scheduling order within thirty (30) days after the first defendant answers or otherwise appears. Defendants first appeared in this action on June 29, 2009. (#13). No discovery plan and scheduling order was entered by this court, and the parties have not engaged in any discovery.

In plaintiff's motion, he asserts that "the proceedings must be stayed and held in abeyance until discovery is ordered and concluded," as "it will be a serious miscarriage of justice for this case to be decided, with finality, without [d]iscovery." (#76). Plaintiff argues that he cannot file an opposition to the motion for summary judgment (#73) without such discovery. *Id.* In defendant William's opposition, he asserts that he "does not oppose a limited opening of discovery," and that plaintiff's request should be interpreted as a request under Federal Rule of Civil Procedure 56(d). (#77). Defendant states that "[t]hrough prior dispositive motions, the dispute in this action has been reduced to

---

[1] On June 5, 2012, the court issued an order setting a briefing schedule for the motion for summary judgment (#73), and ordering plaintiff's opposition due twenty-one (21) days after the entry of the order, and defendant's reply due fourteen (14) days thereafter. (#74). The court recognizes that the motion (#73) was filed on May 10, 2012, and that the initial deadline to file the opposition was June 3, 2012. Based on the court's June 5, 2012, order (#74), the court finds that plaintiff is reasonable in his belief that his opposition was due on June 26, 2012.

a single facet of a single claim: "whether [d]efendant [Williams] ordered that [p]laintiff be fed while in his flooded cell." *Id; See also* (#58). Plaintiff did not file a reply rebutting this assertion.

Pursuant to Fed. R. Civ. P. 56(d), when a motion for summary judgment is filed and the non-moving party shows that it cannot present facts essential to justify its opposition, the court may allow time for the completion of discovery. When a "summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) *citing Metabolite Int'l, Inc. v. Warnick*, 264 F.3d 832, 846 (9th Cir. 2001) (other citations omitted). As discovery has not commenced in this action and defendant does not oppose plaintiff's request to conduct discovery prior to filing plaintiff's opposition to the motion for summary judgment, the court finds that permitting limited discovery on the remaining issue only is warranted. *Id.* Plaintiff's request to stay the proceedings is unnecessary, as the court will not rule upon defendant's motion for summary judgment until after plaintiff has filed his opposition.

Accordingly and for good cause shown,

IT IS ORDERED that *pro se* plaintiff Samaja Funderburk's Motion for Stay and Abeyance of Proceedings Until Discovery Order Has Been Ordered and Concluded and Extension of Time to File Opposition to Motion for Summary Judgment (#76) is GRANTED in part and DENIED in part.

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that plaintiff shall have up to and including August 24, 2012, to conduct limited discovery relating to the issue of "whether [d]efendant [Williams] ordered that [p]laintiff be fed while in his flooded cell" only. Plaintiff's Opposition to defendant Williams' motion for summary judgment (#73) is due on September 14, 2012.

DATED this 10th day of July, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE