# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMAJA FUNDERBURK,

    Plaintiff,

v.

BRIAN E. WILLIAMS,

    Defendant.

Case No. 2:08-CV-01691-KJD-VCF

**ORDER**

    Before the Court is Plaintiff Samaja Funderburk's Opposition and Counter-Motion for Summary Judgment (#72), as well as Defendant Brian Williams' Opposition and Counter-Motion for Summary Judgment (#73). Defendant has replied (#71). Also before this Court is Plaintiff's Motion to Reconsider (#78) to which Defendant has responded (#83) and Plaintiff has replied (#84).

I.  Background

    In November, 2008, Plaintiff was an inmate in the custody of the Nevada Department of Corrections at the Southern Desert Correctional Center ("SDCC"). Due to a plumbing issue, wastewater backed up in the unit where Plaintiff was housed. Plaintiff claims that during the flood, Defendant Williams, who is the warden of SDCC, "[f]ailed to properly supervise his subordinates and gave the order to have me locked down and fed while my cell was flooded with human waste." (#25-2, p.2). This Court previously granted Defendant's Motion for Summary Judgment (#49) as to

Plaintiff's claim that Defendant issued the lockdown order in question. Defendant's Motion (#49) was denied because there was still a dispute of fact about whether Defendant gave the order that Plaintiff be fed in his cell. Defendant failed to introduce any evidence that he did not give such an order, preserving the dispute.

## II.  Analysis

### A.  Legal Standards

#### i.  Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more,

will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

### ii.  Standard for Pro Se Litigants

Pro se litigants are not held to the same standard as admitted or bar licensed attorneys. Haines v. Kerner, 404 U.S. 519, 521. Pleadings by pro se litigants, regardless of deficiencies, should only be judged by function, not form. Id. Nonetheless, a pro se plaintiff is not entirely immune from the civil rules of procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). See also, Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Fed.R.Civ.P. 7(b)(1)(B) requires that all motions "state with particularity the grounds for seeking the order." See, e.g. Rhodes v. Robinson, 2010 WL 3516342, *2 (9th Cir.2010) (district court correctly disregarded motion "because it did not 'state with particularity the grounds for seeking the order' as required by Federal Rule of Civil Procedure 7(b)(1)(B)").

As this is a motion for summary judgment, the Court has given Plaintiff notice as required under Klingele v. Eikenberry and Rand v. Rowland. (#74).

### B.  Defendant's Counter-Motion for Summary Judgment

A prison official violates the Eighth Amendment when: (1) the condition of confinement objectively poses a substantial risk of serious harm (extreme deprivation); and (2) the prison official knows of the substantial risk and ignores it (deliberate indifference or criminal recklessness). Farmer

v. Brennan, 511 U.S. 825, 834-37 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992). Both of these factors must be present to establish a violation of the Eighth Amendment.

Liability for Eighth Amendment violations under 28 U.S.C. § 1983 cannot be predicated on the theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

If Defendant did not order that Plaintiff be fed in his flooded cell, he cannot be liable under the Eighth Amendment. Plaintiff claims that Defendant participated in the violation by causing Plaintiff to be fed while his cell was flooded. Defendant does not dispute that Plaintiff was served meals while in the flooded cell. Instead, Defendant has submitted by sworn affidavit that he did not participate in the alleged violation. (Defendant's Opposition Dkt. #73, Exh. E.) In response, Plaintiff has offered only "uncorroborated and self-serving" testimony in opposition to Defendant's affidavit. Plaintiff's statements are insufficient to create a genuine issue of material fact.  Accordingly, summary judgment is granted in favor of Defendant.[1]

C.  Plaintiff's Counter-Motion for Summary Judgment

As summary judgment has been granted for Defendant, Plaintiff's Counter-Motion for Summary Judgment (#72) is moot.

D.  Plaintiff's Motion for Reconsideration

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Further, the motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59.

Here, Plaintiff has filed his motion seeking reconsideration of the Court's dismissal of the

---

[1] Plaintiff's argument that Defendant failed to timely file an answer is simply incorrect as indicated by Dkt. # 67, and is therefore moot. Similarly, Plaintiff's argument that Defendant has perjured himself is similarly meritless.

4

individual defendants far beyond the 28 day period required. Further, Plaintiff alleges no new evidence, makes no substantive argument for clear error by this Court, and cites no intervening change in the controlling law. For these reasons, Plaintiff's Motion for Reconsideration is denied.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Counter-Motion for Summary Judgment (#73) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Counter-Motion for Summary Judgment (#72) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (#78) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Defendant Brian E. Williams and terminate this action.

DATED this 2nd day of August 2012.

_____
Kent J. Dawson
United States District Judge

5